UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61828-CIV-MARRA

GREEN REEFERS AS,

Plaintiff,

vs.

AGRICOLA LA LABOR S.A., et al.,

Defendants.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Third-Party Sol Group Marketing Company's Motion

to Vacate Maritime Garnishment and Attachment for Lack of Subject Matter Jurisdiction and

Motion to Quash and/or Protective Order as to Plaintiff's Subpoena Duces Tecum Served upon

Sol Marketing (DE 33); Plaintiff Green Reefers AS's Motion for Second Extension of Time to

Serve Process on Foreign Defendants (DE 65) and Third-Party Sol Marketing Motion for Leave

to File a Reply to Plaintiff Green Reefer's Response to Order Requiring Plaintiff to Respond (DE

68).  The Court held a hearing on August 27, 2008.  The Court has carefully considered the

motions, and the arguments of counsel, and is otherwise fully advised in the premises.

I.  Background

On April 24, 2008, Plaintiff Green Reefers AS ("Plaintiff") filed a Verified First

Amended Complaint for Maritime Attachment or Garnishment (DE 39).  According to the First

Amended Complaint, Plaintiff, the owner/operator of the ocean going cargo vessel Green

Crystal, entered into a maritime contract with Defendant Agricola La Labor S.A. ("Agricola"), as

charterer for the carriage of fresh melons from Guatemala to Florida. (First Am. Compl. ¶ 12.)  In

breach of the contract, Agricola failed to pay Plaintiff for outstanding freight and demurrage and use of Plaintiff's cold storage facilities, totaling $1,800,980.00 plus applicable interest. (First Am. Compl. ¶¶ 15-19.)   The First Amended Complaint also identifies other defendants alleged to be the alter egos of Agricola and claims that these defendants are selling fresh melons to Sol Group Marketing Company ("Sol") within the Southern District of Florida.  (First Am. Compl. ¶¶ 20-22.)  These Defendants cannot be found in this district, and therefore Plaintiff seeks, under Rule B of the Supplemental Admiralty Rules, the assets of the defendants in possession and control of Sol.  (First Am. Compl. ¶ 24.)

On April 28, 2008, the Court directed the issuance of the process of maritime attachment and garnishment (DE 49).  Sol filed its Answer, claiming it had no assets nor owed a debt to any of the defendants (DE 56).  Sol has moved to dismiss for lack of subject matter jurisdiction based on Plaintiff's failure to attach any property of Agricola in this district.  Furthermore, Sol seeks to quash the subpoena served on it by Plaintiff, claiming that discovery in Rule B proceedings are limited to interrogatories.  Plaintiff has moved for additional time to serve the foreign defendants with the First Amended Complaint.  At the hearing, the parties agreed that the writ of garnishment served upon Sol should be dissolved.

II. Discussion

Based on the agreed dissolution of the writ, Plaintiff's claim against Sol is no longer viable.  Therefore, the claim brought pursuant to Rule B of the Supplemental Rules of Admiralty is dismissed.[1]  Plaintiff is granted leave to state an in personam claim against Defendants based

---

[1] To the extent Plaintiff wishes to bring a claim pursuant to Rule B against another garnishee, it must properly plead that claim by stating that: 1) plaintiff has an in personam claim against the defendant; (2) the defendant cannot be found within the district where the action is

on the allegations of breach of contract.  In addition, the Court grants Plaintiff's motion for an

extension of time to serve the foreign Defendants.

The Court rejects Plaintiff's contention, advanced at the hearing, that it may continue to

conduct discovery even though the writ is dissolved.  The dissolution of the writ means there is

no claim pending against any entity.  Thus, no discovery may occur.  However, once Plaintiff

pleads an in personam claim, serves a defendant, and conducts the required conference under

Rule 26(d) of the Federal Rules of Civil Procedure, discovery may occur.  See Fed. R. Civ .P.

26(d) (a party may not seek discovery from any source before the parties have conferred pursuant

to Rule 26(f)).  Moreover, despite Sol's contention, the Court finds that the general discovery

rules apply in admiralty cases. See Fed. R. Civ. P.1 ("these rules govern the procedure in all civil

actions"); Fed. R. Civ. P. 1, Advisory Committee Notes to 1966 Amendments ("[t]his is the

fundamental change necessary to effect unification of the civil and admiralty procedure . . . this

change would abolish the distinction between civil actions and suits in admiralty"); see also

Farbwerke Hoescht A.G. v. M/V Don Nicky, 589 F.2d 795, 797 (5th Cir. 1979)[2] ("[t]he Federal

Rules of Civil Procedure are fully applicable in admiralty cases").  That stated, the Supplemental

Rules for Admiralty supersede the Federal Rules of Civil Procedure to the extent they are

---

commenced; (3) property belonging to the defendant is present, or soon will be present, within
the district; and (4) there is no statutory or general maritime law proscription to the attachment.
Western Bulk Carriers, Pty. Ltd. v. P.S. International, Ltd., 762 F. Supp. 1302, 1307 (S.D. Ohio.
1991).

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court
existed on September 30, 1981, handed down by that court prior to the close of business on that
date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and
the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981)
(en banc).

inconsistent.  <u>See</u> Rule A of the Supplemental Rules of Admiralty.  Thus, should Plaintiff file a claim pursuant to Rule B against another garnishee, the special rule regarding interrogatories set forth in Rule B(3)(a) would apply.  Unlike the Federal Rules of Civil Procedure, Rule B(3)(a) permits interrogatories to be served with the complaint upon a garnishee without leave of court prior to the parties conducting their Rule 26(f) conference.  <u>Compare</u> Rule B(3)(a) <u>with</u> Rules 26(d) and (f), 33(a).  The Court, however, does not read Rule B(3)(a) as limiting a plaintiff to conducting discovery only by interrogatory.  It is simply allows discovery by interrogatories upon a garnishee to occur earlier than permitted under the Federal Rules of Civil Procedure. 29 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 704.07[2] (3d ed. 2008) (noting the "special" discovery rule set forth in the Supplemental Rules of Admiralty that permit interrogatories to be served with the complaint upon a garnishee without leave of court and prior to the Rule 26(f) meeting).

With these directives in mind, Plaintiff is granted leave to amend the First Amended Complaint.

<u>III. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      The writ of  maritime attachment and garnishment pertaining to Sol is

        **DISSOLVED**.

2)      Based on the dissolution of the writ, Sol's Motion to Vacate Maritime

        Garnishment and Attachment for Lack of Subject Matter Jurisdiction and Motion

        to Quash and/or Protective Order as to Plaintiff's Subpoena Duces Tecum Served

        upon Sol Marketing (DE 33) and Sol's Motion for Leave to File a Reply to

Plaintiff Green Reefer's Response to Order Requiring Plaintiff to Respond (DE 68) are **DENIED AS MOOT**.

3)    Plaintiff is granted leave to amend the First Amended Complaint.  Plaintiff shall file the newly amended complaint **within 10 days of the date of entry of this Order**.

4)    Plaintiff's Motion for Second Extension of Time to Serve Process on Foreign Defendants (DE 65) is **GRANTED**.  Plaintiff shall serve process **within 90 days from the date of filing the newly amended complaint**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of November, 2008.

_____

KENNETH A. MARRA
United States District Judge

5